

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>D-3 AQUILA FARMS, LLC<br><br>　　　　　　　　Defendant.<br>_____/ | Criminal No. 10-CR-20562<br>Judge Thomas L. Ludington<br>MJ Charles E. Binder<br><br><u>Offense</u>: 8 U.S.C. §1324(a)(1)(A)(iv) & (B)(1)<br>Count 2 of information: harboring illegal aliens<br><u>Statutory Penalties</u><br>Probation: 5 years; Fine - $500,000 or<br>alternative fine under 18 U.S.C. §3751(d);<br>Forfeiture |

## <u>RULE 11 PLEA AGREEMENT</u>

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

Aquila Farms, LLC, by and through its authorized representative, and the

government agree as follows:

1.　**<u>GUILTY PLEA</u>**

　　A.　**<u>Count of Conviction</u>**

Defendant will enter a plea of guilty to count 2 of the superseding

information, which charges defendant with harboring illegal aliens in violation of 8

U.S.C. §1324(a)(1)(A)(iv) and (B)(1).  To the extent that the defendant has a right

to be indicted by a grand jury, the defendant waives that right upon the advice of

its counsel.

**B.**   **Elements of Offense**

The elements of count 2 are (1) defendant encouraged or induced an alien to come to, enter or reside in the United States, (2) defendant did so for commercial advantage or private financial gain, (3) knowing that such coming to, entering or residing by the alien was or would be in violation of the law.

**C.**   **Factual Basis for Guilty Plea**

The parties agree that the following facts are true, and are a sufficient basis for defendant's guilty plea:  Aquila Farms, LLC, is a dairy operation based in Bad Axe, Michigan. Beginning approximately in the year 2000, and continuing to approximately October of 2007, Aquila Farms employed 78 different illegal aliens, constituting approximately 75% of its workforce over time, on the dairy farm.

As a regular part of its hiring practices, Aquila Farms failed to conduct the inquiries necessary to fully and accurately complete Employment Eligibility Forms (I-9 forms) for new hires, as required by law.  As a consequence of that failure, various aliens who were in the United States illegally were employed by Aquila Farms.

Aquila Farms knew or acted with reckless disregard of the fact that the aliens it employed were not legally authorized to work in the United States.  By way of example, some of the illegal aliens hired by Aquila Farms were hired on multiple occasions using different names or social security numbers.  Also, having

- 2 -

previously received written notice from the Social Security Administration indicating that various employees of Aquila Farms were working under invalid social security numbers, Aquila Farms thereafter employed those workers. Similarly, after receiving written notices from Immigration and Customs Enforcement (ICE) stating that named individuals using specified social security numbers were not authorized to work in the United States, Aquila Farms thereafter employed some of the same illegal aliens.

Defendant encouraged or induced illegal aliens to reside in the United States by providing the illegal aliens with employment and free housing on the farm, away from scrutiny by immigration authorities and the surrounding populace. Defendant also concealed from ICE the fact that illegal aliens were employed at Aquila Farms, and withheld from ICE information regarding the location of a house occupied by some of its employees. Aquila Farms harbored illegal aliens in this manner for its own commercial advantage or private financial gain, realizing that the illegal aliens were more willing to endure the rigors of work on the dairy farm than people legally authorized to work in the United States.          **D.**

**Additional Factual Stipulations**

1.     Defendant acknowledges that it is guilty of the charged offense.

2.      Defendant acknowledges that it is financially able to comply with all of the provisions of its plea agreement.

3

3.      The government agrees not to seek the imposition of a fine based on the amount of wages paid by defendant to illegal aliens (approximately $1.5 million) under USSG §8C2.4(1)(2), 18 U.S.C. §3751(d), and related case law.

## 2.    SENTENCING GUIDELINES

### A.    Applicable Guidelines

Because defendant is a corporation, the applicable federal sentencing guidelines are found in Chapter 8 of the sentencing guidelines manual.

### B.    Agreed Guidelines

There are no sentencing guideline disputes.  The parties agree that the applicable guidelines are as follows:

1.      Pursuant to USSG §§8A1.2(a) and 8B2.1, defendant shall prepare a compliance plan and submit that plan to the court and the government for approval not later than a month after defendant enters its guilty plea.  To ensure proper implementation of the compliance plan, as well as proper adherence to all requirements of the law, defendant consents to unannounced entry onto its premises by representatives of the court, by federal law enforcement, and state or local law enforcement when accompanied by a federal law enforcement officer.

2.      Pursuant to USSG §§8A1.2(b)(2) and 8C2.1(a), the provisions of USSG §2L1.1 and §§8C2.3 to 8C2.9 are applicable to defendant; pursuant to

4

USSG §8A1.2(b)(2)(A) and the above stipulation by the defendant, the provisions of USSG §8C2.2 regarding inability to pay a fine are not applicable to defendant.

3.     The cross-reference from USSG §8C2.3 to §2L1.1, regarding harboring an unlawful alien, yields the following offense score calculations:

§2L1.1(a)(3):  base offense                          = 12

§2L1.1(b(2)(B): 25-99 unlawful aliens involved    = +6

offense level total:                          = 18

4.     Under USSG §8C2.4(a)(1) and (d), the base fine for an offense level of 18 is $350,000.

5.     Defendant's culpability score is as follows:

USSG §8C2.5(a):                              = 5

USSG §8C2.5(b)(4):  50 or more employees, & an
individual with substantial authority participated   = +2

USSG §8C2.5(g)(3):  acceptance              = -1

culpability score total:                    = 6

6.     Defendant's culpability score of 6 and base fine of $350,000 give rise to multipliers under USSG §§8C2.6 and 8C2.7, and defendant's guideline fine range:

minimum multiplier of 1.20 X $350,000  =  $420,000 minimum fine

maximum multiplier of 2.40 X $350,000  =  $840,000 maximum fine.

7.     Defendant qualifies for an installment plan under USSG §8C3.2(b).

8.      The provisions of USSG §§8C3.3, 8C3.4, and 8C4.1 through 8C4.11 do not apply to the defendant nor the defendants named in count 1 of the superseding information.

3.      **SENTENCE**

A.      **Probation**

The court shall sentence the defendant to a term of probation for **5 years** pursuant to USSG §§8D1.1(a)(2) and 8D1.2(a)(1), and may terminate the term of probation early only if the defendant has fully complied with all conditions of this plea agreement and resulting sentence.

B.      **Special Assessment**

Defendant will pay a special assessment of **$400**.

C.      **Fine**

Defendant will pay a fine of **$500,000**. Payment of the fine shall be deferred until after the defendant has fulfilled its forfeiture obligations detailed below. Defendant shall make an initial fine installment payment of $250,000 within 12 months of completing its forfeiture obligations, and a final fine installment of $250,000 within 12 months thereafter and at least two weeks before its term of probation expires. A breach of defendant's obligation to pay the fine as required shall constitute a violation of probation and 18 U.S.C. §3614, as well as a felony contempt.

- 6 -

### D.   Restitution

Restitution is not applicable to this case.

## 4.   FORFEITURE AND INTEREST

In lieu of forfeiture of its assets pursuant to 8 U.S.C. §1324(b), 18 U.S.C. §§981(a)(1)(C) and 982(a)(6), and 28 U.S.C. §2461, defendant will pay **$2 million** to the Department of Homeland Security, Immigration and Customs Enforcement. Defendant shall pay $770,000 at or before sentencing, a second installment of $410,000 within the next 12 months, a third installment of $410,000 within the next 12 months, and the final installment of $410,000 within the following 12 months.

No interest shall accrue on any fine or forfeiture obligation if the payments are made as scheduled. Interest shall apply to all unpaid fine and forfeiture obligations in the case of a breach. Interest shall cease to accrue if the defendant's financial obligations are returned to a current status.

## 5.   OTHER CHARGES

If the court accepts this agreement and the plea agreement of the co-defendants charged in the superseding information, and sentences the defendants in accordance with those agreements, the government will dismiss the indictment filed in this case, and will not bring additional charges against defendant based on the Department of Homeland Security ICE investigation conducted prior to May 1, 2011.

6.   **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the court imposes a sentence that does not fully satisfy the terms of this plea agreement and the plea agreements with the co-defendants named in the superseding information.

Defendant may withdraw from this agreement, and may withdraw its guilty plea, only if the court decides to impose a sentence higher in any respect than the maximum allowed by this agreement as to this defendant and all co-defendants named in the information.  If defendant decides not to withdraw its guilty plea pursuant to this provision, the sentence that the court imposes may be higher than that allowed by this agreement.

7.   **APPEAL WAIVER**

If the sentence imposed does not exceed the maximum allowed by this agreement, defendant waives the right to appeal its conviction or sentence on any grounds.  If the sentence imposed satisfies all the provisions of this agreement, and the plea agreement of the co-defendants named in the indictment, the government agrees not to appeal the sentence.

Defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions.  To the extent that such rights apply to defendant, it voluntarily waives those rights and agrees not to contest its conviction or sentence post-conviction.

**8.    CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw its guilty plea, or if any conviction

entered pursuant to this agreement or the plea agreements of the defendants named

in the information is vacated or set-aside for any reason, the indictment dismissed

pursuant to this agreement and all additional charges which relate directly or

indirectly to the conduct underlying the guilty plea, may be filed against defendant

within six months after the order vacating or setting-aside defendant's conviction,

or allowing defendant to withdraw its guilty plea, becomes final.  Defendant

waives its right to challenge the additional charges on the ground that they were

not filed in a timely manner, including any claim that they were filed after the

limitations period expired.

**9.    PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government

agency except the U. S. Attorney's Office for the Eastern District of Michigan.

**10.    SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates,

is the complete agreement between the parties.  This agreement supersedes all

other promises, representations, understandings and agreements between the

parties concerning the subject matter of this plea agreement that were made at any

time before the guilty plea is entered in court.  Thus, no oral or written promises

made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated in this agreement. This agreement also does not prevent any civil or administrative actions against defendant by the United States or any other party.

## 11.   **STATEMENT OF AUTHORITY**

The members of Aquila Farms, LLC have unanimously approved and adopted a resolution authorizing Johannes Verhaar to serve as agent for Aquila Farms for all purposes relative to the criminal against Aquila Farms, LLC. A copy of that resolution will be provided separately to the court and the U.S. Probation Office by defense counsel. As agent for Aquila Farms, LLC, Johannes Verhaar certifies that he is authorized to enter into this plea agreement, and enter a guilty plea to count 2 the superseding information, on behalf of Aquila Farms, LLC. On behalf of Aquila Farms, LLC, Mr. Verhaar states that Aquila Farms is satisfied with the advice provided by its counsel, Robert M. Morgan. Mr. Verhaar further certifies that he and Anthonia Verhaar are personally and separately represented by Matthew F. Leitman and George Donnini, respectively, in case number 10-CR-20562 pending in Eastern District of Michigan. Mr. Verhaar submits that the negotiated disposition of the case against him, Anthonia Verhaar, and Aquila

Farms, LLC is advantageous to all of the defendants.

## 12.   **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on June 10, 2011.**  The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

_____
Shane Waller
Assistant U.S. Attorney
Deputy Chief, Branch Offices

BARBARA L. McQUADE
United States Attorney

_____
Janet Parker
Assistant U.S. Attorney

By signing below, defendant acknowledges that its authorized representative has read this entire plea agreement, understands it, and agrees to its terms on behalf of the defendant.  Defendant acknowledges having had a full and complete opportunity to confer with defendant's counsel before deciding  to accept this agreement and authorize its representative to sign this agreement on its behalf.

_____
Robert M. Morgan
Attorney for Defendant
Date: ~~May~~ *JUNE* 10, 2011

_____
Johannes Martinus Verhaar, authorized
   representative of the defendant

## AQUILA FARMS, LLC

## ACTION BY CONSENT OF THE MEMBERS
## OF THE LIMITED LIABILITY COMPANY

The undersigned, being all of the members of AQUILA FARMS, LLC, a Michigan limited liability company (the "Company"), acting pursuant to the Michigan Limited Liability Company Act, consents to, approves and adopts the following resolutions:

WHEREAS, there has been presented to the Company a plea arrangement to be entered into between the Company, the Members of the Company and the United States Government (the "Plea Arrangement");

WHEREAS, the Members of the Company have been presented with a plea agreement (the "Plea Agreement") to be entered into on behalf of the Company, which includes the terms and conditions of the Plea Arrangement; and

WHEREAS, the Members of the Company, deem it advisable, desirable and in the best interests of the Company to approve the Plea Arrangement and the Plea Agreement.

NOW, THEREFORE, IT IS RESOLVED, that the Members of the Company hereby authorize and approve the Plea Arrangement and the Plea Agreement, and the consummation of any other related transactions.

RESOLVED, that Johannes Verhaar, a Member of the Company ("Agent"), be, and hereby is, authorized to serve as agent for the Company for all purposes relating to the Plea Arrangement.

RESOLVED, that the Agent, be, and hereby is, authorized and directed on behalf of the Company, to enter into, execute and deliver the Plea Agreement, which includes the entry of a Count 2 guilty plea on behalf of the Company.

RESOLVED, that the Agent of the Company be, and hereby is, authorized and empowered, for and on behalf of, and in the name of the Company to make, execute and deliver any and all additional agreements, instruments, papers and documents, and amendments thereto, which may be required in connection with the consummation of the Plea Arrangement.

RESOLVED, that any and all actions heretofore taken by the Members of the Company with respect to the Plea Arrangement and Plea Agreement, be, and hereby are, authorized, approved, ratified and confirmed.

RESOLVED, that without further or other authorization by the Members of the Company, the Agent, be, and hereby is further authorized, empowered and directed in the name and on behalf of the Company to do any and all acts and things and sign, seal, execute, acknowledge, file, record and deliver all papers, instruments, documents and certificates, and amendments thereto, from time to time necessary, desirable or appropriate to be done, signed, sealed, executed, acknowledged, filed, recorded or delivered, to effectuate the consummation of the transactions contemplated by these resolutions.

This Consent has been executed (by original or facsimile signature) as of the 9th day of June 2011, and may be executed in counterparts, each of which shall be deemed an original, but together they shall constitute one and the same instrument, and the signature of any Member to any counterpart may be added and appended to any other counterpart.

MEMBERS:

_____
Johannes Verhaar

_____
Anthonia Verhaar

19,144,012.1\134261-00003

2